UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC YLMO SANFORD, <br> Plaintiff, <br> v. <br> G. GUDINO, et al., <br> Defendants. | Case No. 18-cv-01000-HSG (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at California State Prison, Los Angeles County filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining of inadequate medical accommodation at Salinas Valley State Prison ("SVSP"), where he was previously housed. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

According to the complaint, plaintiff suffers from a medical condition that makes it unsafe for him to be housed on a top bunk. On April 13, 2017, defendant SVSP correctional officer G. Gudino approached plaintiff's cell and told plaintiff that he was being assigned a cellmate. Plaintiff informed Gudino that he would accept a cellmate but that he was unable to move to the top bunk. Gudino ordered plaintiff to exit his cell, at which point plaintiff was placed in restraints and moved to a new housing unit. Plaintiff was assigned to a top bunk in his new housing unit. On April 21, 2017, plaintiff was attempting to get into his bunk when he suffered a seizure, causing him to fall from the top bunk to the floor. As a result of the fall, plaintiff sustained injuries to his neck, shoulder, arm, and ankle. In addition to Gudino, plaintiff names as a defendant SVSP correctional officer E. Benitez.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment violation, two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate

2

health or safety by failing to take reasonable steps to abate it. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Here, even liberally construed, plaintiff has not stated a claim that defendants were deliberately indifferent to his safety or his serious medical needs. Plaintiff does not state whether he had a medical chrono requiring him to be assigned to a lower bunk. Nor does he show what his exact medical condition was, let alone what awareness Gudino had of that medical condition. Finally, plaintiff fails to show that Gudino was responsible for plaintiff's assignment to an upper bunk in his new housing unit. From the allegations, no reasonable inference can be made that Gudino gave plaintiff an upper bunk and that he knew that in giving plaintiff an upper bunk, he would be subjecting plaintiff to an excessive risk to his health.

Further, plaintiff offers no facts whatsoever linking defendant Benitez to his claim. Plaintiff fails to allege what Benitez did or did not do. Although Benitez is mentioned in plaintiff's inmate grievances attached to the complaint, the Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. Plaintiff is cautioned that exhibits are not a substitute for meeting the pleading requirements of Rule 8.

As the complaint currently reads, plaintiff has not stated a cognizable claim against any defendant. However, if plaintiff believes that he can cure the deficiencies addressed above, he may amend his complaint to do so.

In his amended complaint, plaintiff should not refer to defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). If plaintiff wants to name a supervisor as a defendant, he must allege: (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an amended complaint within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 18-1000 HSG (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts—not merely conclusions of law—that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in the dismissal of this case without prejudice.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall include a copy of the court's form complaint with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: 4/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge