UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC YLMO SANFORD,

    Plaintiff,

v.

G. GUDINO, et al.,

    Defendants.

Case No. 18-cv-01000-HSG (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at High Desert State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining of inadequate medical accommodation at Salinas Valley State Prison ("SVSP"), where he was previously housed. On April 30, 2018, plaintiff's original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

According to the amended complaint, plaintiff suffers from a seizure disorder for which he had a medical chrono at SVSP requiring him to be assigned to a lower bunk. On April 13, 2017, defendant correctional officer G. Gudino approached plaintiff's cell, along with another correctional officer, E. Benitez.[1] The officers informed plaintiff that was being assigned a cellmate. Plaintiff told them that he would accept a cellmate but that he was unable to move to the top bunk because of his seizure condition. He showed both officers his medical chrono and told them being on the top bunk would place him at risk of harm. The officers looked at the chrono and then left to call their supervisory, defendant sergeant G. Ramey.

After the call, Gudino and Benitez returned to the cell and informed plaintiff that they had been instructed to pull plaintiff out of the cell and move plaintiff's belongings to the top bunk. After plaintiff refused, Gudino activated the alarm, reported that they were dealing with a disruptive inmate, and ordered plaintiff to exit the cell. Yard staff responded to the alarm, as did

---

[1] Although officer Benitez was named as a defendant in the original complaint, he is no longer listed as a defendant in the amended complaint.

2

sergeant Ramey. Plaintiff complied with the order to exit his cell, after which he was placed in mechanical restraints and moved to the gym holding cell.

While still in the holding cell, sergeant Ramey and defendant lieutenant J. Stevenson approached plaintiff and informed him they were moving him to a top bunk in a new unit. Plaintiff notified them of his medical chrono and told them that being on the top bunk would place him at risk of harm. Ramey and Stevenson stated that they did not care, that this was their yard, and that plaintiff would go where they told him to go. Plaintiff was later forced from the holding cell, escorted to his new unit, and forced into his new cell where he had a top bunk assignment.

On April 21, 2017, plaintiff was climbing into his top bunk when he suffered a seizure. He fell from the top bunk and hit the ground, causing injury to his neck, shoulder, arm, and ankle. Liberally construed, the amended complaint states a cognizable Eighth Amendment claim for deliberate indifference to plaintiff's health and safety as against defendants Gudino, Ramey, and Stevenson.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (dkt. no. 11), with all attachments thereto, and a copy of this order upon defendants **Officer G. Gudino**, **Sergeant G. Ramey**, and **Lieutenant J. Stevenson** at **Salinas Valley State Prison**.

A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

3

2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

        b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.    Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

    (The *Rand* notice above does not excuse defendants' obligation to serve said notice again

---

[2] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).

4. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 9/13/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge